G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com
Attorneys for Plaintiff,
TINA BROUSSARD-SMITH

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA BROUSSARD-SMITH | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| VITAL RECOVERY SERVICES, INC.; DOES 1 to 10, inclusive, | **Demand Does Not Exceed $10,000** |
| Defendants. | |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Tina Broussard-Smith brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant VITAL RECOVERY SERVICES, INC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA").

## VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3.    Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant does or transacts business within this District.

## PARTIES

4.    Plaintiff Tina Broussard-Smith is an adult individual who resides in Sacramento, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5.    Defendant VITAL RECOVERY SERVICES, INC. is a corporation with offices in Norcross, Georgia.

6.    At all relevant times herein, Defendant VITAL RECOVERY SERVICES, INC. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a( 6), and the RFDCPA, Cal Civ Code § 1788.2( c).

## FACTS

7.    Defendant is attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8.    Within the last year, Defendant constantly and continuously called

Plaintiff from telephone numbers (866) 240-7530 and (888) 356-4495 with the intent to annoy, abuse or harass the Plaintiff.

9.      Within the last year, Defendant repeatedly called Plaintiff at her place of employment at telephone number (916) 233-6510 from telephone numbers (866) 240-7530 and (888) 356-4495 notwithstanding the fact that Plaintiff repeatedly advised Defendant that her employer prohibits Plaintiff from receiving such communications.

10.     Defendant failed to identify itself as a debt collector in subsequent communications.

11.     Defendant failed to meaningfully disclose its identity.

## COUNT I – FDCPA

12.     Plaintiff incorporates paragraphs 1 - 11.

13.     Defendant thereby violated the following provisions of the FDCPA:

    i)      15 U.S.C. §1692c(a)(3);

    ii)     15 U.S.C. §1692d(5);

    iii)    15 U.S.C. §1692d(6);

    iv)     15 U.S.C. §1692e(10);

    v)      15 U.S.C. §1692e(11).

14.     Sections 1692(c)(a)(3), provides in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction,**

a debt collector may not communicate with a consumer in connection with the collection of any debt—

...

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15.   Sections 1692d(5) and d(6) state in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
...
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
...
(6) ... the placement of telephone calls without meaningful disclosure of the caller's identity.

16.   Sections 1692 e(10) and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
...
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
...
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt

collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II - RFDCPA

17.   Plaintiff incorporates paragraphs 1 - 16.

18.   Defendant thereby violated the following provisions of the RFDCPA:

i)      Cal. Civ. Code § 1788 11(b);

i)      Cal. Civ. Code § 1788 11(d);

ii)     Cal. Civ. Code § 1788.11(e);

iii)    Cal. Civ. Code § 1788.17.

19.   Sections 1788.11(b), (d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**
...
**(b)     Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**
...
**(d)   Causing a telephone to ring repeatedly or continuously to annoy the person called; or**
...
**(e)   Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

20.    Sections 1788.17 states in pertinent part as follows

"**1788.17.    Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED:  February 28, 2011

**PRICE LAW GROUP APC**

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2    PLEASE TAKE NOTICE that Plaintiff, TINA BROUSSARD-SMITH

3  demands trial by jury in this action.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25